S. H. H. CLARK ET AL., RECEIVERS, V. IRA HUGHES.

FILED JUNE 3, 1897. No. 7356.

1. **Negligence of Vice-Principal:** INJURY TO EMPLOYE: PLEADING. A petition will be held sufficient when there is therein stated a cause of action founded on the negligent acts of a vice-principal, even though on the trial there was not sufficient evidence to sustain the additional averments that the principal had continued the

employ of the vice-principal with knowledge of his incompetency to discharge the duties required to be performed by such vice-principal.

2. ————: RAILROAD COMPANIES: CONDUCTOR: BRAKEMAN. A conductor in charge of a freight train sustains toward brakemen thereon employed the relation of a vice-principal, and towards them his negligence in the line of his duty is, presumably, the negligence of his principal.

ERROR from the district court of Hall county. Tried below before THOMPSON, J. *Affirmed.*

*M. A. Reed* and *James H. Woolley,* for plaintiffs in error.

*Edgerton & Brigham, contra.*

RYAN, C.

In the district court of Hall county there was a verdict and judgment against the receivers of the St. Joseph & Grand Island Railroad Company in accordance with the prayer of the petition of Ira Hughes, the plaintiff in said court. By their petition in error and their arguments the receivers urge that the petition of Hughes, in which it was alleged that he was injured while making a coupling of the freight train, predicated the liability of the receivers solely on the fact that they were continuing in their employ the conductor in charge of said train, knowing that he was wholly incompetent to manage such a train. This contention depends upon the following paragraphs of the petition, to-wit:

"Third—On the 16th day of January, 1894, the plaintiff was in the employ of the defendants as a brakeman on number 16, a freight train operated by defendants on said railroad, and said train was under the control and management of one Meyers (whose first name is unknown to plaintiff) and said Meyers was the conductor on said train and was in the employ of and the agent of the defendants.

"Fourth—That said conductor was wholly incompetent to manage, control, and operate said train, but notwithstanding such incompetency and inability the defendants,

disregarding their duty to their employes, carelessly and negligently retained said conductor in their employ.

"Fifth—That on the day aforesaid, at the town of Fairbury, on the line of said road, said train had been divided in sections to clear a crossing, and the plaintiff, in the performance of his duty as brakeman, signalled the engineer in charge of the engine attached to the forward section of said train to back the forward section, in order that the plaintiff might couple the two sections, and in response to said signal said forward section was slowly backed, and when the rear of the forward section was within a few feet of the forward end of the rear section, plaintiff signalled the engineer to stop, and by order of the said conductor stepped between the sections to make the coupling; whereupon said conductor, without any warning to plaintiff, well knowing that plaintiff was between the said sections, wrongfully, negligently, and carelessly signalled the engineer to back up, and in response to said signal the forward section of said train was backed violently against the rear section, and by reason of said negligence and carelessness on the part of said conductor, and without any fault or negligence on the part of said plaintiff, plaintiff's left hand was caught between the draw-heads of the rear car of the forward section and the forward car of the rear section and crushed and mangled, to his damage in the sum of $1,999."

In the above quotation there were two grounds on which the responsibility of the railroad company's representatives were alleged.. If there was stricken out the fourth paragraph there would be found to remain sufficient averments to charge a liability for the acts of the conductor as a vice-principal. (*Chicago, B. & Q. R. Co. v. Anderson*, 38 Neb., 112; *Sioux City & P. R. Co. v. Smith*, 22 Neb., 775; *Chicago, St. P., M. & O. R. Co. v. Lundstrum*, 16 Neb., 254; *Union P. R. Co. v. Doyle*, 50 Neb., 545.) In the answer it was admitted that "On the 16th day of January, 1894, the above named plaintiff was in the em-

ploy of the defendants as brakeman on freight train No. 16 on said road, and that said train was under the control of conductor E. W. Meyers." Under the authorities just cited the admission in the quotation just made obviated the necessity of proof to establish the relation of servant and vice-principal as between the brakeman and the conductor therein referred to.

It is strenuously insisted that there was no evidence which sustained the assumption that there was proved any negligence of the conductor to which was attributable the injury of the brakeman. The petition, by its averments hereinbefore quoted, accurately stated the facts as to the coupling necessary to be made, and that Hughes, in order to make such coupling, had signalled the engineer to back the forward section toward where the brakeman was standing, at the forward end of the rear section, to be coupled. There was evidence that the engineer obeyed this signal, but stopped when the fragments of the train lacked about two feet of being close enough to each other to admit of making the desired coupling. The brakeman's evidence was that he was about to step off the track to give the signal to back further, when the conductor, who was standing close by, gave the signal to back, and immediately, with an imprecation upon the brakeman, directed him to make the coupling. Pursuant to this direction, the brakeman took hold of the link, when, instantaneously, as he says, the sections came together and his hand was caught. If the jurymen believed the brakeman,—and we cannot say they should have done otherwise,—there was sufficient evidence to justify the finding that it was owing to the negligence of the conductor that the accident happened. There was a considerable time devoted to the proposition that by common usage the brakeman alone had a right to signal the engineer to move that part of the train to which the engine was attached as required to enable the coupling to be made. As to the existence of this alleged rule there was a conflict among the witnesses, a part of

whom admitted that the brakeman might properly ask the conductor, standing near the train, to make the required signal. If this was proper, it could not be said that the engineer should not have obeyed the signal given by the conductor, and that his obeying it was negligence to which alone was logically attributable such injury as was inflicted on the brakeman.

There were some complaints of errors in giving, and other alleged errors in refusing to give, certain instructions. In the motion for a new trial each of these classes was grouped, and in each group there was an instruction as to which no criticism could properly be made of the court's action in respect thereto. The judgment of the district court is

AFFIRMED.