Hollingsworth v. Saunders County.

WILLIAM F. HOLLINGSWORTH v. SAUNDERS COUNTY.

FILED JANUARY 18, 1893. No. 4387.

1. **Negligence:** DEFECTIVE BRIDGES: DAMAGES: LIABILITY OF COUNTY. Where a county board negligently fails to keep a public bridge in suitable repair so as to be in a safe condition

for travel, and damages have been occasioned by reason thereof, under the act of the legislature of 1889, the county is liable therefor to the person sustaining the damages, unless he has been guilty of contributory negligence.

2. ——: ——: ——: ——: PRESENTATION OF CLAIM TO COUNTY BOARD. The person sustaining the damages may maintain an original action against the county whose duty it was to keep the bridge in repair. He is not required to present his claim for damages to the county board for allowance or rejection, since the provisions of section 37, chapter 18, Compiled Statutes, do not apply to demands arising upon torts.

ERROR from the district court of Saunders county. Tried below before MARSHALL, J.

*George I. Wright,* for plaintiff in error.

*B. F. Hines* and *G. W. Simpson, contra.*

NORVAL, J.

This action was brought by the plaintiff in error against the county, alleging in his petition:

"First—That the defendant is a county duly organized under and by virtue of the laws of the state of Nebraska, and is not under township organization.

"Second—That on and for some time prior to the 15th of August, 1889, a certain bridge on, and belonging to, and forming a part of the public road which lies and runs north and south between sections 32 and 33, in township 14, range 8, in Wahoo precinct, in said county of Saunders, and state of Nebraska, which road was a public road and highway, and was much traveled and used by the citizens of said county and by the public generally, was out of repair and dangerous to the public travel, and one of the main posts which supported the said bridge was gone from under it, and the approach to the bridge from the north side thereof had been washed away in such manner as to become and be in a dangerous condition, and that at the

said time the said condition of the said approach was covered up by planks so as not to be observable to a person traveling in a wagon, and that the said bridge was, at said time, and for some time prior thereto had been, dangerous to pass over with ordinary loads or travel, of all of which the defendant had due notice.

"Third—That on the 15th day of August, 1889, and for some time prior thereto, said bridge was allowed to be and remain exposed to public travel, without guards or notice to prevent the public from passing or traveling over the same.

"Fourth—That during the afternoon of the 15th day of August, 1889, this plaintiff, with his said team of horses, attached to a lumber wagon, loaded with fifty bushels of oats therein, was passing along the said public road from the south going north, and the plaintiff drove his team upon the said bridge, intending to cross the same, but, while lawfully traveling on said road and bridge, and accidentally and without fault on his part, because of the said post being gone from under the said bridge and the condition of said bridge, this plaintiff, his team, harness, wagon, and oats were precipitated from the said bridge to the ground and water under the said bridge.

"Fifth—That by reason of the premises the plaintiff was damaged in the sum of $400 to his horses, wagon, harness, and oats.

"Sixth—That this plaintiff was not familiar with said road, he not having passed over it for many months preceding the time of the injury complained of herein.

"Seventh—That the defendant had the means of knowledge of the condition of said bridge at the said time, and had failed to repair the same, after having had a reasonable time to do so, and that the damages to plaintiff's property was caused by the said bridge not being in sufficient repair, the said bridge being one which the said defendant was liable to keep in repair.

" Wherefore the plaintiff prays for judgment for $400 and costs."

The district court sustained a general demurrer to the petition and dismissed the action.

In *Woods v. Colfax County*, 10 Neb., 552, it was decided that neither at common law, nor under the statutes of this state as then existing, was a county liable for damages occasioned by the negligence of the county board in failing to keep a public bridge in suitable repair and safe condition for travel. It is perfectly plain that a county is not liable for the acts or negligence of its officers unless made so by legislative enactment. The question, therefore, presented by the record before us is, whether or not, under the statute in force at the time of the injury complained of, is a county liable for damages sustained by an individual in consequence of its failure to keep in safe repair a public bridge.

The legislature of 1889 enacted a law which took effect July 1, 1889, entitled "An act relating to highways and bridges, and liabilities of counties for not keeping the same in repair." (Laws 1889, chap. 7 ; Compiled Statutes 1891, p. 733.) By section 4 of said act it is provided that "if special damage happens to any person, his team, carriage, or other property, by means of insufficiency, or want of repairs of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county, and if damages accrue in consequence of the insufficiency or want of repair of a road or bridge, erected and maintained by two or more counties, the action can be brought against all of the counties liable for the repairs of the same, and damages and costs shall be paid by the counties in proportion as they are liable for the repairs; *Provided, however,* That such action is commenced within thirty (30) days of the time of said injury or damage occurring."

The language employed by the legislature in the section

quoted is clear and explicit, and leaves no room for judicial interpretation. It is clear that in case a county board negligently fails to keep a highway or public bridge in suitable repair, so as to be in a safe condition for travel, and damages have been occasioned by reason thereof, the county is liable therefor, at the suit of the party injured, unless the plaintiff has been guilty of contributory negligence.

It is finally urged that the demurrer was rightfully sustained for the reason that the plaintiff failed to present to the county board a claim for damages. The county attorney contends that the district court has not original jurisdiction of a case like this, but that plaintiff should have presented his claim for damages to the board of county commissioners for their allowance or rejection, under section 37, chapter 18, Compiled Statutes, 1889, which provides that "Before any claim against a county is audited and allowed, the claimant, or his agent, shall verify the same by his affidavit, stating that the several items therein mentioned are just and true, and the services charged therein, or articles furnished, as the case may be, were rendered or furnished as therein charged, and that the amount claimed is due and unpaid, after allowing just credits. All claims against a county must be filed with the county clerk. And when the claim of any person against a county is disallowed, in whole or in part, by the county board, such person may appeal from the decision of the board to the district court of the same county, by causing a written notice to be served on the county clerk, within twenty days after making such decision, and executing a bond to such county with sufficient security, to be approved by the county clerk, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant. Upon the disallowance of any claim, it shall be the duty of the county clerk to notify the claimant, his agent or attorney, in writing of the

fact, within five days after such disallowance. Notice mailed within said time shall be deemed sufficient."

This section has been frequently considered by this court, and in an unbroken line of decisions it has been held substantially that an original suit on an account or claim against a county cannot be maintained, but that the remedy by appeal from the decision of the county board is exclusive. (*Brown v. Otoe Co.*, 6 Neb., 111; *Clark v. Dayton*, Id., 192; *State, ex rel. Clark, v. Buffalo Co.*, Id., 454; *Dixon Co. v. Barnes*, 13 Id., 294; *Richardson Co. v. Hull*, 24 Id., 536.) These cases are to the effect that the statute applies to claims or demands arising upon contracts. They do not sustain the doctrine contended for by the county attorney, that unliquidated demands against counties for damages arising, as in this case, from a tort must be presented to the board for its audit and allowance under the provisions of said section 37. True, it is stated in the opinion in *Richardson Co. v. Hull*, 24 Neb., 542, that "the language of either statute seems sufficient to confer the power on the county board to hear and determine the claim or demand of a citizen against the county of whatever nature, under contract or by tort." That was not a suit for damages, but one to recover from the county moneys which had been paid by Hull as taxes upon lands owned by him which were not subject to taxation. The amount of his claim was liquidated. It is obvious that the above quotation from the opinion already mentioned is merely *obiter dicta*. This being an action for unliquidated damages, does not fall within the purview of said section 37, therefore it was not indispensable to the right of the plaintiff to maintain his suit that he should have presented his claim to the county board. (*Nance v. Falls City*, 16 Neb., 85; *Village of Ponca v. Crawford*, 18 Id., 555.) The Falls City case was an action brought in the district court by the administrator of George L. Nance to recover damages from the city for negligently causing the death of his intestate. The law

relating to cities of the second class contained a provision to the effect that all claims must be presented to the city council for allowance or rejection, to entitle a person to recover costs.   It was decided that the word "claim" refers only to claims arising upon contract, and not upon tort.   This decision was followed with approval in the later case of the *Village of Ponca v. Crawford, supra.*

Again, we conclude that the statute of 1889, which imposed a liability upon counties for damages resulting from the failure to keep roads and bridges in repair, authorized the bringing an original suit in any court of competent jurisdiction to recover such damages.   It will be noticed that section 4 of the act provides that "the person sustaining the damage may recover in a case against the county," and further, the action can be brought against all of the counties, etc.   It also requires that the *action* shall be brought within thirty days after the injury or damage occurs.   It is plain to be seen that the legislature contemplated the bringing of a suit in a court of law, and that the person sustaining damages should not be required to present his claim to the county board.

We are forced to the conclusion that the petition states a cause of action and that the court below erred in sustaining the demurrer thereto and dismissing the action.   The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with the law.

REVERSED AND REMANDED.

THE other judges concur.