DOUGLAS COUNTY v. J. H. TAYLOR.

FILED FEBRUARY 3, 1897.   No. 7045.

</div>

1. **Eminent Domain**: PORTION OF STREET OUTSIDE OF CITY: GRADE: DAMAGES: CLAIMS: LIABILITY OF COUNTY. Taylor owned a tract of land lying within the limits of the city of Omaha, in Douglas county. On the north side of his land was a public thoroughfare. The south half of this thoroughfare in front of Taylor's land was in the limits of the city of Omaha. The north half of the thoroughfare in front of Taylor's land was without the limits of the

city of Omaha, but within Douglas county. The county made a cut and constructed a fill in the thoroughfare north of Taylor's land the entire width of the street. Taylor sued the county for damages, alleging that by the construction of the improvement in the street in front of his property the latter had been depreciated in value; that in constructing said improvement the county had dug and carried away portions of his land lying outside the limits of said street; had torn down his fences and cut down his trees and used the same in the construction of said improvement; and had appropriated a portion of his land lying outside the limits of said thoroughfare by constructing thereon the base of said fill. *Held*, (1) Construing sections 1, 33, and 1*a*, chapter 78, Compiled Statutes, that it was the duty of the county to work and maintain the north half, and the duty of the city of Omaha to work and maintain the south half of said street in front of plaintiff's property, but that the county and city had concurrent jurisdiction or authority to construct the cut and fill in the street in front of Taylor's property, and that, therefore, the acts of the county in the premises were not *ultra vires;* (2) that it was immaterial what technical name might be given to Taylor's action; for whether his petition stated a cause of action *ex delicto* or *ex contractu*, the averments thereof, if true, established the fact that his property had been taken and damaged for public use, and that by virtue of section 21 of the bill of rights (Constitution, art. 1, sec. 21) he was entitled to compensation therefor; (3) that no legislative enactment was necessary to enable Taylor to maintain his action; (4) that the district court had original jurisdiction to try the claim of Taylor against the county; that it was not a claim required by section 37, article 1, chapter 18, Compiled Statutes, to be filed with the county clerk of said Douglas county and passed upon by its board of commissioners; (4) the word "claims" in said section 37 has reference only to claims originating in contract, express or implied, between the claimant and the county.

2. ———: STREETS: DAMAGES: VERDICT FOR PLAINTIFF. Evidence examined, and *held* to sustain the finding of the district court.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Affirmed.*

The facts are stated by the commissioner.

*J. L. Kaley* and *A. C. Troup*, for plaintiff in error:

The action is one sounding in tort for which a county is not liable unless made so by express provision of statute. (*Russell v. Men of Devon*, 2 T. R. [Eng.], 671; *Wehm v. Gage County*, 5 Neb., 494; *Woods v. Colfax County*, 10 Neb.,

552; *Hamilton County v. Mighels*, 7 O. St., 109; *Crowell v. Sonoma County*, 25 Cal., 313; *Schuyler County v. Mercer County*, 4 Gilm. [Ill.], 20; *County of Rock Island v. Steele*, 31 Ill., 543; *Granger v. Pulaski County*, 26 Ark., 37; *Monroe County v. Flint*, 6 S. E. Rep. [Ga.], 173; *Ward v. Appling County*, 6 S. E. Rep. [Ga.], 914; *White Star Line Steamboat Co. v. Gordon County*, 7 S. E. Rep. [Ga.], 231; Dillon, Municipal Corporations, secs. 963, 999; 4 Am. & Eng. Ency. of Law, 364.)

If plaintiff had any legal claim against the county it was his duty to file the same with the county board before bringing suit. (Compiled Statutes, ch. 18, sec. 37; *Dixon County v. Barnes*, 13 Neb., 295; *Brown v. Otoe County*, 6 Neb., 111; *State v. Buffalo County*, 6 Neb., 454; *Yavapai County v. O'Neill*, 29 Pac. Rep. [Ore.], 432; *Luzerne County v. Day*, 23 Pa. St., 141; *Lawrence County v. City of Brookhaven*, 51 Miss., 68; *Alden v. Alameda County*, 43 Cal., 272; *Shepard v. Commissioners of Darke County*, 8 O. St., 354; *State v. Commissioners of Hamilton County*, 26 O. St., 369; *Richardson County v. Hull*, 24 Neb., 536; *Fuller v. Colfax County*, 33 Neb., 716; *Marsh v. Benton County*, 39 N. W. Rep. [Ia.], 713; *Maddox v. County of Randolph*, 65 Ga., 216; *Powder River Cattle Co. v. Custer County*, 22 Pac. Rep. [Mon.], 383; *Barbour County v. Horn*, 41 Ala., 114; *Norwood v. Gonzales*, 14 S. W. Rep. [Tex.], 1057; *McCann v. Sierra County*, 7 Cal., 121; *Hohman v. County of Comal*, 34 Tex., 36.)

If the allegations of the petition are true, the acts complained of were without the jurisdiction of the county commissioners, and therefore void; and ratification by the county would be impossible. (*Zottman v. City and County of San Francisco*, 20 Cal., 97; *Board of Supervisors of Jefferson County v. Arrighi*, 54 Miss., 668; *Newberry v. Fox*, 33 N. W. Rep. [Minn.], 333; *Lancaster County v. Fulton*, 18 Atl. Rep. [Pa.], 384; Dillon, Municipal Corporations [3d ed.], sec. 465.)

County commissioners have only such powers as are expressly granted by statute, or are essential to the due ex-

ercise of such powers. (*Hamlin v. Meadville*, 6 Neb., 227; *Walsh v. Rogers*, 15 Neb., 311; *State v. Lincoln County*, 18 Neb., 283; *Browning v. Owen County*, 44 Ind., 11; *Wheeler v. Wayne County*, 24 N. E. Rep. [Ill.], 625; *Daley v. City and County of San Francisco*, 13 Pac. Rep. [Cal.], 321; *Rowland v. City of Gallatin*, 75 Mo., 134.)

A county cannot be bound by any acts of its commissioners not regularly enacted by the board. (*Phelan v. San Francisco*, 6 Cal., 532; *Merrick County v. Batty*, 10 Neb., 176.)

A county can be bound by its board upon a contract, only by an affirmative act within the scope of its authority, evidenced by an entry on its minutes. (*Bridges v. Clay County*, 58 Miss., 817; *Crump v. Colfax County*, 52 Miss., 107; *Dennison v. County of St. Louis*, 33 Mo., 168; *Mitchell v. St. Louis County*, 24 Minn., 459; *Murphy v. Napa County*, 20 Cal., 498.)

A contract made by county commissioners, to be binding upon the county, must be made by the board at a regular session. (*Potts v. Henderson*, 2 Ind., 327; *Campbell v. Brackenridge*, 8 Blackf. [Ind.], 471; *County of Eldorado v. Reed*, 11 Cal., 130; *County of La Salle v. Simmons*, 10 Ill., 513; *Gardner v. Dakota County*, 21 Minn., 33; *Linden v. Case*, 46 Cal., 172.)

A county is not chargeable with knowledge possessed by an individual member of a county board. (*Commissioners of Leavenworth County v. Hamlin*, 31 Kan., 105; *Bouton v. Supervisors of McDonough County*, 84 Ill., 384; *Merrill v. Inhabitants of Berkshire*, 11 Pick. [Mass.], 269; *Treichler v. Berks County*, 2 Gr. [Pa.], 445; *Madison County v. Burford*, 93 Ind., 383; *Crawford County v. Clerc*, 4 Chand. [Wis.], 56; *Smith v. Barron County*, 44 Wis., 686; *Stamp v. County of Cass*, 47 Mich., 330; *Dennison v. County of St. Louis*, 33 Mo., 168; *Rice v. Plymouth County*, 43 Ia., 136.)

*C. A. Baldwin, G. W. Doane,* and *Robert W. Patrick,* contra.

RAGAN, C.

Joseph H. Taylor brought this suit in the district court of Douglas county against said county, the individuals composing its board of commissioners, and the city of Omaha, to recover damages which he alleged his real estate had sustained by reason of the grading of a street or highway in front thereof. At the close of the evidence the district court directed a verdict returned in favor of the gentlemen composing the board of commissioners and the city of Omaha, which was done and a judgment entered dismissing them out of the action. The case proceeded to trial against Douglas county and resulted in a verdict and judgment in favor of Taylor, and the county brings the same here for review on error.

1. The first argument is that the petition does not state facts sufficient to constitute a cause of action against Douglas county. The petition alleges, in substance, that in the year 1890 plaintiff was the owner of a small tract of land lying in the western part of the then corporate limits of the city of Omaha, in said Douglas county; that running east and west on the north side of plaintiff's land was a public highway; that prior to 1887 this highway on the north side of plaintiff's land was one of the public roads or highways of Douglas county; that at that time the part of said highway east of plaintiff's land was known as Leavenworth street, in said city of Omaha; that in the year 1887 the western boundary of said city was so changed as to put plaintiff's property and the south half of said highway or street in front thereof within the limits of said city of Omaha, and leave the north half of said street in front of plaintiff's property outside the limits of said city of Omaha, but within the county of Douglas; that in the autumn of 1890 the gentlemen constituting the board of commissioners of said county, "while pretending to act in their official capacity, with a strong hand unlawfully, wrongfully, forcibly, and without any authority of law entered upon plaintiff's land

with horses, mules, men, and machinery," and made a cut
and fill in said street in front of plaintiff's property; that
said cut began on the eastern boundary of plaintiff's land
and extended west 250 feet, was constructed the full
width of the street, and was from eight to twelve feet in
depth; that the fill began at the west end of the cut made
and extended to the western boundary of plaintiff's land,
a distance of 600 feet, was constructed the width of the
entire street, and from twelve to twenty feet in height;
that the said cut and fill so constructed depreciated in
value and damaged plaintiff's land; that in the prosecu-
tion of said work said workmen dug and carried away a
portion of plaintiff's land lying outside the limits of said
street, and used and appropriated said earth so dug and
carried away towards the construction of said fill; that
in making said fill said workmen so constructed it that
several feet of the south line of the base thereof rested
on the north end of plaintiff's land, lying outside the
limits of said street; that in the prosecution of said work
said workmen entered upon plaintiff's land, tore down
his fences, cut down his trees, and used and appropriated
said trees and fences towards the construction of said cut
and fill, to the plaintiff's damage.

(a.) The first contention is that since Taylor's land and
the south half of the street or highway north thereof were
in the limits of the city of Omaha, that it, and it alone,
had jurisdiction and authority to work and repair the
south half of said street in front of plaintiff's property;
that the county had no jurisdiction or authority to work
or repair the south half of said street in front of plaintiff's
property, and that the act of its commissioners in con-
structing the grade and cut in the south half of said
street was *ultra vires*, was void, and that the county is not
bound by their action. The property of Taylor and the
south half of the street in front thereof was in the city of
Omaha, and because of that fact the city had jurisdiction
and control over the south half of said street in front of
Taylor's property, and it was the city's duty to work,

grade, and maintain in proper repair and condition for travel said part of said street. (Compiled Statutes, ch. 78, sec. 33.) The north half of said street in front of Taylor's property was outside the limits of the city of Omaha, but in Douglas county. The county, then, had jurisdiction and control over the north half of said street, and it was its duty to work and maintain in proper condition for travel said north half of said street. (Compiled Statutes, ch. 78, sec. 1.) Such were the duties of the county and city, respectively, as to such street in front of plaintiff's property; but section 1a, chapter 78, Compiled Statutes, passed and approved March 30, 1889, provides that the county board of any county in which any city of the metropolitan class is situate is authorized and empowered to aid in the grading, paving, or otherwise improving of any street leading into said city, and within the corporate limits thereof, by providing for the payment of a certain portion of the cost of such labor. A city of the metropolitan class, namely, the city of Omaha, at the time this grading was done was situate in Douglas county. The street in front of plaintiff's property led into said city, and the street, or at least a part of it, was within the corporate limits of said city. As we read this statute, then, Douglas county was authorized to aid in grading this street in front of plaintiff's property, and we do not think that the county is by the statute limited to paying to the city the proportion of the cost of such grading as the county may assume, but that it had authority to use its own agents and machinery in doing such part of the grading as it was authorized by law to pay the cost of. The act of the county, then, in putting the cut and fill in the south half of this street in front of plaintiff's property was not an act outside its jurisdiction. It was an act authorized by law. While the law made it the duty of the county to work and maintain the north half of the street, and made it the duty of the city to work and maintain the south half of the street, it conferred on the county and city a concurrent jurisdiction or authority

to grade or pave a street such as the one in front of plaintiff's property.

(b.) A second argument under the contention that the petition does not state a cause of action is that the petitioner seeks to recover damages from the county by reason of a tort committed by it, and that an action of tort will not lie against a county in the absence of an express statute authorizing it, and that no such statute exists. To sustain this contention we are cited to *Wehn v. Commissioners of Gage County*, 5 Neb., 494. In that case Gage county had constructed a jail near the residence of Wehn, and he claimed that criminals and drunken men were permitted "to be loose and go at large around said premises, whereby   *   *   *   offensive and frightful noises, wild and terrible yells, shrieks, and ravings, vile, profane, obscene, and indecent language and words, noxious and offensive swills and stenches were permitted therein, *   *   *   entered the dwelling house and premises of plaintiff nightly and daily and rendered the same unwholesome and uninhabitable, and incommoded and exposed to insult and injury the plaintiff and his family, to his great damage." In other words, it was a suit of Wehn against the county for damages because the latter was maintaining a nuisance, and the court held that the action would not lie. We are also cited by counsel for the county to *Woods v. Commissioners of Colfax County*, 10 Neb., 552. It was held in that case that a county was not liable, in the absence of an express statute, for injuries one had received by the breaking down of a public bridge negligently constructed by authority of the county. But these cases are not in point here, and *Woods v. Commissioners of Colfax County*, at least, is no longer in force since the enactment of section 4, chapter 7, Session Laws of 1889, which made counties liable for damages sustained by any person resulting from a defective highway or bridge. (See, also, *Hollingsworth v. Saunders County*, 36 Neb., 141.) Section 21 of the bill of rights (Constitution, art. 1, sec. 21) provides that the property of no person

shall be taken or damaged for public use without just compensation therefor.   Taylor in his petition avers that a part of his property was taken by the county for a public purpose, and that the part of his property not taken was damaged by the construction by the county of the public improvement in front thereof.   It is immaterial, then, what technical name may be given to this action. By force of the constitutional provision just quoted the averments of the petition, if true, establish a cause of action in favor of Taylor and against the county.   To give effect to this section of the bill of rights no legislative enactment was or is necessary.

(c.)  A third argument in support of the contention that the petition does not state a cause of action is that Taylor does not aver therein that he filed his claim for damages with the county clerk of Douglas county, and that it had been passed upon by the county commissioners thereof. To sustain this contention counsel cite us numerous authorities, among which is *Brown v. Commissioners of Otoe County*, 6 Neb., 111.   Brown's claim against the county in that case was for publishing the delinquent tax list of the county, and it was held that the jurisdiction of the district court over Brown's cause of action against the county was appellate only;  that his claim should have been filed with the county clerk of Otoe county and passed upon by the commissioners thereof in order to invest the district court with jurisdiction.   Another case cited is *Board of Commissioners of Dixon County v. Barnes*, 13 Neb., 294.   The claim of Barnes against the county was for services which he claimed he had rendered for the county as an attorney in a litigation in which the county was interested, and it was held that such claim must be filed with the county clerk of said Dixon county and passed upon by the commissioners of said county in order to invest the district court with jurisdiction to hear it.   *Richardson County v. Hull*, 24 Neb., 536, was an action brought originally in the district court of Richardson county by Hull against the county to recover a sum of money he had

paid into the county treasury as taxes upon certain land which was not subject to taxation, and it was held that the district court had no original jurisdiction. Such, also, is *Fuller v. Colfax County*, 33 Neb., 716. It is to be observed that in the cases cited the claims considered originated in contracts, express or implied, between the claimants and the counties; or, in other words, they were claims which arose *ex contractu*. *Nance v. City of Falls City*, 16 Neb., 85, was an action brought by an administrator against the city for damages for negligently causing the death of his intestate. At that time section 80, chapter 14, Compiled Statutes, 1885, was in force, and it provided that all claims against a city of the class to which Falls City belonged must be presented in writing to the city council, with a full account of the items, verified by the oath of the claimant or his agent, and that no costs should be recovered against such city in any action brought against it for an unliquidated claim unless such claim had been first so presented to the city council. The administrator did not file his claim for damages with the city council and the district court held that he was liable for the costs of the action. On error proceedings to this court this judgment was reversed, the court holding that the word "claims" used in the statute just quoted referred only to claims *ex contractu*, and not to claims *ex delicto*. To the same effect see the decision in *Village of Ponca v. Crawford*, 18 Neb., 551. In *Hollingsworth v. Saunders County*, 36 Neb., 141, Hollingsworth sued the county for injuries he had received by the falling of a public bridge in said county, and which damages, he alleged, were the result of the negligence of the county in constructing such bridge or in not maintaining it. The county interposed a general demurrer to the petition, and one of the points made was that the petition did not state a cause of action, because Hollingsworth did not aver that he had filed his claim for damages with the county clerk of said Saunders county and had it passed upon by the county authorities of that county, as provided by

section 37, article 1, chapter 18, Compiled Statutes. The district court sustained the demurrer and dismissed the petition. On error proceedings to this court this judgment of the district court was reversed, the court holding that the said section 37 only required claims *ex contractu* to be filed with the county clerk and passed upon by the county commissioners of the county in order to invest the district courts with jurisdiction to try such claims. *Dayton v. City of Lincoln*, 39 Neb., 74, was an action brought by Dayton against the city for damages which he alleged his property had sustained by the change of grade of certain streets on which his property abutted. The city of Lincoln at that time was a city of the first class having more than twenty-five and less than one hundred thousand inhabitants, and governed by chapter 13a, Compiled Statutes. Section 36, article 1, of this chapter provided that all claims against a city must be presented in writing to the city council. It was insisted by the city that the county court, to which the action was originally brought, was without jurisdiction to try the case, because Dayton had not first presented his claim for damages to the city council; but on a proceeding in error to this court the contention of the city in this respect was overruled, the court holding that the section of the statute just quoted did not contemplate the filing of claims for unliquidated damages with the city council. Section 37, article 1, chapter 18, Compiled Statutes, is to the effect that all claims against a county must be filed by the county clerk and presented to and passed upon by the board of county commissioners. We think that the word "claims" in that section refers only to claims originating in contract, express or implied, between the claimant and the county, and that a claim against a county for damages caused to the claimant's property by the county's taking it for public use, or damaging it by the construction of a public improvement, is not such a claim as need be first filed with the county clerk and passed upon by the county authorities; but an action on such a claim may be

39

brought, in the first instance, in any court having jurisdiction of the subject-matter. (*City of Chadron v. Glover*, 43 Neb., 732.)

2. It is insisted that the district court erred in giving instructions numbered from 1 to 10, both inclusive, and in refusing to give instructions asked by the county numbered 1 to 7, both inclusive. We have examined the instructions given and refused, and ascertained that the court did not err in giving all the instructions given nor in refusing all the instructions refused; and since the assignment is that it erred in giving all and refusing all the instructions, it will not be further considered.

3. Complaint is made of the action of the trial court in admitting certain evidence on the trial. We have scrutinized the action of the court in this respect and find it without error, and it would serve no useful purpose to give these assignments further attention here.

4. A final argument is that the verdict is not supported by sufficient evidence. We think it is. The contention of Taylor was, and the evidence in his behalf tends to support it, that he had been damaged several thousand dollars by the action of the county in grading the street in front of his property. The contention of the county was, and the evidence in its behalf tended to support it, that Taylor's property had been enhanced in value by the construction in front thereof of a cut sixty-six feet wide, eight to ten feet deep, and two hundred and fifty feet long, and a fill six hundred feet long, sixty-six feet wide, and twelve feet high. The jury weighed this evidence and reached the conclusion that Taylor had been damaged in the sum of $500. This conclusion is abundantly supported by the evidence. The judgment of the district court is

AFFIRMED.