## ZELLER SAND & GRAVEL, A PARTNERSHIP, APPELLANT, V. BUTLER COUNTY, NEBRASKA, APPELLEE.

388 N.W.2d 62

Filed May 30, 1986.   No. 85-303.

James C. Stecker and, on brief, David A. Beck of Baker & Beck, P.C., for appellant.

James L. Birkel, Butler County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Plaintiff-appellant, Zeller Sand & Gravel, a partnership, alleges defendant-appellee, Butler County, breached its contract to purchase at a stated price all the pit gravel it should require for road purposes during a specified period, as the result of which the former was damaged. The county demurred on the ground Zeller's operative petition fails to state a cause of action, as, among other things, it does not allege that Zeller had first filed its claim with the county clerk as required by Neb. Rev. Stat. § 23-135 (Reissue 1983). The district court sustained the demurrer and, after Zeller's election to stand on its

operative petition, dismissed the action. The single issue presented by Zeller's two assignments of error is whether the district court erred in ruling its petition fails to state a cause of action. We affirm.

Section 23-135 provides in pertinent part: "All claims against a county must be filed with the county clerk within ninety days from and after a time when any materials or labor, which form the basis of the claims, shall have been furnished or performed . . . ." This requirement provides the county with full information of the rights asserted against it, and enables it to make proper investigation concerning the merits of claims against it and to settle those of merit without the expense of litigation. See 17 E. McQuillin, The Law of Municipal Corporations § 48.02 (rev. 3d ed. 1982).

The first question is whether the foregoing statute applies to the situation presented by this case. Zeller claims not, because the county's breach prevented materials or labor from being furnished.

We have long held, however, that the statute applies to all claims arising from or out of a contract. *Coverdale & Colpitts v. Dakota County*, 144 Neb. 166, 12 N.W.2d 764 (1944). See, also, *McCollough v. County of Douglas*, 150 Neb. 389, 34 N.W.2d 654 (1948); *Hollingsworth v. Saunders County*, 36 Neb. 141, 54 N.W. 79 (1893). Further, we have stated that § 23-135 applies where a claim is not a mere formal prerequisite to the issuance of a warrant in payment but, rather, requires quasi-judicial action in the sense that an exercise of discretion is required in ascertaining or fixing the amount to be allowed, or resolution of the claim otherwise involves a determination of factual questions based upon evidence. *Heinzman v. County of Hall*, 213 Neb. 268, 328 N.W.2d 764 (1983); *McCollough v. County of Douglas, supra.*

While we have neither been directed to nor found a case decided by this court involving the claimed breach of a requirements contract by a purchaser county, there is no gainsaying the fact that the subject claim not only arises out of a contract but that its resolution, had the matter been presented to the county, would have necessitated the exercise of quasi-judicial action. The county would have been required to

decide factual questions based on evidence both as to whether the contract had in fact been breached and, if so, as to the amount of damages proximately caused thereby. In such a situation the district court has appellate jurisdiction to conduct a trial de novo, as though the action had been originally instituted in such court. *Roy v. Bladen School Dist. No. R-31*, 165 Neb. 170, 84 N.W.2d 119 (1957); *Strawn v. County of Sarpy*, 154 Neb. 844, 49 N.W.2d 677 (1951).

Zeller argues, however, that neither of the foregoing rules applies to a claim which is unliquidated and that the subject claim is such. In support of this position Zeller cites *Wherry v. Pawnee County*, 88 Neb. 503, 129 N.W. 1013 (1911). *Wherry* does indeed state that an action "sounding in tort or for unliquidated damages *must* be commenced in court, and that it *cannot* be instituted by filing a claim with the county board." (Emphasis in original.) *Id*. at 510, 129 N.W. at 1016. The distinction between *Wherry* and the present case is that *Wherry* was a tort action predicated upon the county's negligent failure to maintain a bridge. Its language must be read in that context; so read, *Wherry* holds only that a tort claim, under the law as it then stood, need not first be presented to the county. A like result had been reached 18 years earlier in *Hollingsworth v. Saunders County, supra*. The phrase "or for unliquidated damages" in *Wherry* does no more than further describe an action for a negligent tort.

Having determined that § 23-135 applies to the situation at hand, the only question remaining to be answered is whether the petition fails to state a cause of action because it does not recite that the claim was first presented to the county. The answer is in the affirmative.

We observed in *Coverdale & Colpitts v. Dakota County, supra*, that under Comp. Stat. § 26-119 (Supp. 1941), the precursor of present § 23-135, a petition for the allowance of a claim against a county which shows on its face that the claim was not filed with the county clerk within the stated time limit is demurrable.

The judgment of the trial court is correct and is hereby affirmed.

AFFIRMED.