JOSEPH E. HALBLEIB ET AL., APPELLANTS, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE.
TOM ALLEN ET AL., APPELLANTS, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE.
LINDA DEBOLT ET AL., APPELLANTS, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE.
388 N.W.2d 60

Filed May 30, 1986.    Nos. 85-285, 85-355, 85-357.

Thomas F. Dowd of Dowd, Fahey & Dinsmore, for appellants.

Herbert M. Fitle, Omaha City Attorney, and Timothy K. Kelso, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

WHITE, J.

Three actions filed against the City of Omaha under the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §§ 48-1228 et seq. (Reissue 1984), have been consolidated for appeal. In each case appellants, city employees, claim they were not adequately compensated for work performed. The city, in each case, filed a special demurrer or a summary judgment on the ground that appellants did not comply with the claims statute, Neb. Rev. Stat. § 14-804 (Reissue 1983). In each case a district judge found for the city and dismissed appellants' action after finding that the wage act does not apply to the City of Omaha and that § 14-804 does establish, as a condition precedent to the maintenance of such an action, that claimants file a claim with the city comptroller, to be acted upon by the city council, prior to seeking relief in district court.

Appellants assign the following as error. First, the district court erred as a matter of law in finding that compliance with the claims statute is a condition precedent to subject matter jurisdiction in the district court. Second, the district court erred as a matter of law in not assuming subject matter jurisdiction on the basis of the wage act. Third, the district court erred in sustaining the demurrer and motions for summary judgment.

The facts and issues of these cases are similar to those in our recent case of *Bolan v. Boyle, ante* p. 826, 387 N.W.2d 690 (1986). As in *Bolan,* we find these assignments of error to be without merit, and we affirm the judgment of the district court in each of the cases.

Plaintiffs-appellants filed actions in equity for an accounting under the Nebraska Wage Payment and Collection Act, § 48-1231, for compensation, alleging that they are not required to exhaust the administrative remedy provided for in § 14-804, the claims statute. Section 14-804 provides:

> Before any claim against the city, except officers' salaries earned within twelve months or interest on the public debt is allowed, the claimant or his agent or attorney shall verify the same by his affidavit, stating that the several items therein mentioned are just and true and the services charged therein or articles furnished, as the case may be, were rendered or furnished as therein charged, and that the amount therein charged and claimed is due and unpaid, allowing all just credits. The city comptroller and his deputy shall have authority to administer oaths and affirmations in all matters required by this section. All claims against the city must be filed with the city comptroller. When the claim of any person against the city is disallowed, in whole or in part, by the city council, such person may appeal from the decision of said city council to the district court of the same county, as provided in section 14-813.

Generally, before a court may acquire jurisdiction over a claim against a city of the metropolitan class, these procedures must be followed. See *Schmitt v. City of Omaha,* 191 Neb. 608, 217 N.W.2d 86 (1974).

In the first of the three cases consolidated for appeal,

appellants, mechanical maintenance workers in Omaha's sewage treatment plants, alleged that they were entitled to back wages for the preceding 5 years because they actually worked in a higher-paying classification than the one to which they were assigned. The city filed a special demurrer on the ground that the appellants had not alleged compliance with the claims statute. The district court sustained the demurrer.

Employees of the public works department central garage filed an action alleging that they were due back wages for 5 years for mandatory preshift work for which they were never compensated. The city moved for a summary judgment, which was sustained because there was no evidence that appellants had complied with the provisions of the claims statute.

In the third action, employees, designated as clerk-typists in the criminal investigation bureau of the police division, alleged that they were due back wages for the preceding 5 years because they performed the duties of secretaries, a higher-paying classification. Again, the city moved for a summary judgment on the ground of noncompliance with the claims statute, and the motion was sustained and the petition dismissed.

There is no evidence in the records of the cases to show compliance with the provisions of the claims statute, a condition precedent to seeking relief through the courts. Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent. *Riedy v. Riedy, ante* p. 310, 383 N.W.2d 742 (1986).

As in *Bolan*, plaintiffs assert that it was error for the district court to find that the wage act did not apply. Once again, it is unnecessary for this court to reach that issue.

For the foregoing reasons the decisions of the district court are affirmed.

AFFIRMED.

CAPORALE, J., not participating.