FRED JACKSON ET AL., APPELLANTS, V. COUNTY OF DOUGLAS, NEBRASKA, APPELLEE.

388 N.W.2d 64

Filed June 6, 1986.    No. 85-253.

Thomas F. Dowd of Dowd, Fahey & Dinsmore, for appellants.

Donald L. Knowles, Douglas County Attorney, and Michael W. Amdor, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The plaintiffs appeal from the order of the trial court sustaining the defendant's demurrer to the petition on the ground that the court lacked subject matter jurisdiction.

The plaintiffs, who are employees of the Douglas County Youth Center, brought this action both individually and on behalf of all persons classified as child care attendants or child care supervisors under the terms of a collective bargaining agreement between Douglas County and the local unit of the American Federation of State, County, and Municipal Employees. The petition focuses on a work rule which was adopted and implemented by the county on February 9, 1982. The rule required all plaintiffs to report to work 15 minutes before their regularly scheduled work shift in order to exchange information with the employees on the preceding shift. Failure to so report was considered tardiness and subjected employees to disciplinary action. The employees have never received wages for the 15-minute period prior to their scheduled work shift.

The plaintiffs contend that since the adoption of the work rule, they have worked 15 minutes of overtime every workday and are entitled to wages for overtime. The plaintiffs allege that the defendant's failure and refusal to compensate them for such overtime is in violation of various provisions of the labor contract between the parties and the rules of the Douglas County civil service commission. The plaintiffs' petition asked for an accounting for all overtime worked and payment of overtime wages due the plaintiffs since February 9, 1982, together with prejudgment interest and interest on the judgment as provided by law, and costs.

The defendant county filed a special demurrer stating three grounds for dismissal of the petition: (1) The district court lacks subject matter jurisdiction in that the plaintiffs have not pleaded compliance with the provisions of Neb. Rev. Stat.

§ 23-135 (Reissue 1983) (the county claims statute); (2) The petition does not state facts sufficient to constitute a cause of action in that it has pleaded no right, contractual or otherwise, to an accounting; and (3) The petition of the plaintiffs does not state facts sufficient to state a cause of action in that on its face the action is barred by laches and estoppel.

The district court found that although plaintiffs argued that their petition was in equity for an accounting and, therefore, they need not comply with the claims statute, in actuality the plaintiffs' claims were for services rendered pursuant to a contract. The court then held that such claims arising ex contractu are subject to the county claims statute and compliance with the statute is a condition precedent to institution of a suit in district court. Since plaintiffs' petition did not allege such compliance, it was subject to demurrer.

On appeal the plaintiffs argue that their suit was brought pursuant to Neb. Rev. Stat. §§ 48-1228 et seq. (Reissue 1984), the Nebraska Wage Payment and Collection Act. The plaintiffs further contend that the wage act provides an alternate procedure for this type of claim against the county and, therefore, compliance with the claims statute was not necessary for the district court to obtain subject matter jurisdiction.

It should first be noted that plaintiffs' petition does not refer to or cite the Nebraska Wage Payment and Collection Act. Yet, assuming that their petition was sufficient to raise a question as to whether the wage act provided subject matter jurisdiction to the district court, this court's decision in *Bolan v. Boyle*, 222 Neb. 826, 387 N.W.2d 690 (1986), is dispositive of this issue. See, also, *Halbleib v. City of Omaha*, 222 Neb. 844, 388 N.W.2d 60 (1986).

As in *Bolan*, these plaintiffs brought an action at law for payment for services or labor arising out of a contractual relationship. It is well settled that all such claims against a county, arising ex contractu, are subject to § 23-135, the county claims statute. *McCollough v. County of Douglas*, 150 Neb. 389, 34 N.W.2d 654 (1948); *Coverdale & Colpitts v. Dakota County*, 144 Neb. 166, 12 N.W.2d 764 (1944). Furthermore, the county board has exclusive original jurisdiction in cases against the county involving claims arising out of contract and

containing quasi-judicial questions of fact. *Heinzman v. County of Hall*, 213 Neb. 268, 328 N.W.2d 764 (1983); *McCollough, supra.* Compliance with the county claims statute in such actions is mandatory. *Zeller Sand & Gravel v. Butler Co.*, 222 Neb. 847, 388 N.W.2d 62 (1986). Since the plaintiffs failed to allege compliance with § 23-135, the petition was subject to demurrer unless the district court otherwise had subject matter jurisdiction.

The petition stated that it was in equity and prayed for an accounting, which may be an equitable remedy. Generally, an action for an accounting may, under one set of circumstances, find its remedy in an action at law and, under another, find it within the jurisdiction of equity. *Philip G. Johnson & Co. v. Salmen*, 211 Neb. 123, 317 N.W.2d 900 (1982); *Schmidt v. Henderson*, 148 Neb. 343, 27 N.W.2d 396 (1947).

In order to determine whether the suit is in equity, it is necessary to examine the pleadings. Primarily, the plaintiffs seek an accounting based on their contractual relationship with the county. This court has held that "in order to be entitled to the equitable remedy of an accounting, it is necessary to show a fiduciary or trust relationship between the parties or a complicated series of accounts making the remedy at law inadequate." *Lustgarten v. Jones*, 220 Neb. 585, 590, 371 N.W.2d 668, 671 (1985). See *Trump, Inc. v. Sapp Bros. Ford Center, Inc.*, 210 Neb. 824, 317 N.W.2d 372 (1982). The plaintiffs' petition contains no allegation of any fiduciary or confidential relationship nor a series of complicated accounts rendering the remedy at law inadequate. The plaintiffs failed to plead a suit in equity, and, therefore, their petition was properly dismissed.

The judgment of the district court is affirmed.

AFFIRMED.

CAPORALE, J., not participating.