CARL W. OLSON, APPELLANT, V. COUNTY OF LANCASTER,
NEBRASKA, APPELLEE.

434 N.W.2d 307

Filed January 20, 1989.   No. 87-135.

Richard L. Spangler, Jr., of Woods, Aitken, Smith, Greer, Overcash & Spangler, for appellant.

Patrick M. Heng, Deputy Lancaster County Attorney, for appellee.

BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and JAMES MURPHY, D.J.

WHITE, J.

This action originated as a petition by Carl W. Olson for a declaratory judgment to construe the terms of a written lease agreement Olson entered into with the County of Lancaster, and to declare the rights of the parties affected by the lease. The district judge for Lancaster County sustained the defendant's demurrer, finding that the action was a claim against the county and therefore subject to Neb. Rev. Stat. § 23-135 (Reissue 1987), and that it was never filed with the county clerk as required by the statute.

In reviewing an order sustaining a general demurrer, "we are required to accept as true all the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but we do not accept as

true the conclusions of the pleader." *Reimer v. K N Energy, Inc.*, 223 Neb. 142, 146, 388 N.W.2d 479, 482-83 (1986).

The primary issue in the appeal is whether Olson's claim for rent due under an existing rental contract with the county is a claim covered by the provisions of § 23-135, the county claims statute. The background of this case is as follows. In August of 1984, Olson and Lancaster County began negotiations to lease the second floor of a building owned by Olson located at 721 K Street, Lincoln, Nebraska. The county, in turn, was to sublease this area to Cornhusker Place for its detoxification and protective services programs. Cornhusker Place was required to vacate its previous location by March 31, 1985.

Olson proposed to lease the premises to the county for a base rent of $2.35 per square foot per year, plus additional rent based upon the cost of renovation amortized over the 15-year term of the lease, less sums paid by the county "up front."

Regarding the additional rent, paragraph 6 of the lease agreement provides in part:

> 6. Payment of Renovation Chargeable to Tenant. As to the renovation chargeable to Tenant . . . Tenant anticipates paying for the same up to a maximum of $100,000.00 plus approximately $33,000.00 in the form of volunteer labor. The balance thereof to be paid by Landlord, up to a maximum of $175,000.00, shall be recovered by the Landlord in the form of additional rent calculated as though the Landlord were recoverying [sic] such amount on an amortized basis . . . .

During the negotiations, no final plans or specifications had been prepared so that the cost of renovation could be determined. However, the general contractor, Olson Construction Company, prepared a preliminary estimate indicating a cost of approximately $275,000, excluding architect fees.

The lease was signed on December 27, 1984. The renovation was substantially complete on March 31, 1985, at which time the county took possession of the premises. During the course of construction, extra costs totaling $51,268 were incurred, in addition to the determination made in the preliminary estimate.

The county contributed only $13,600 in labor, as opposed to

the $33,000 anticipated, resulting in a shortfall of contributed labor and an additional cost of renovation of $19,400. Olson claims he is entitled to be reimbursed these renovation costs pursuant to the lease contract.

By letters dated May 15 and June 3, 1985, Olson wrote to the county requesting the money he alleged was due him pursuant to the lease terms. These letters were not directed to the Lancaster County clerk. The county contends that this failure to file with the clerk constituted a violation of § 23-135. Instead of filing with the clerk, Olson served the letters directly and personally on the county board. He contends he served the claim letters on the board instead of the clerk because of a requirement in the lease agreement.

We are not concerned with the validity of Olson's claims for money allegedly due him pursuant to the lease agreement. Instead, we must decide whether the demurrer was properly granted based on Olson's noncompliance with § 23-135, or whether his claim is somehow exempt from the requirements of the statute.

Section 23-135 provides, in pertinent part, "All claims against a county must be filed with the county clerk within ninety days from and after a time when any materials or labor, which form the basis of the claims, shall have been furnished or performed . . . ." The statute expressly refers only to filing a claim with the county clerk within 90 days from and after a time when any *materials or labor, which form the basis of the claims*, shall have been furnished or performed. This language would seem to suggest that any claims for rent due, as opposed to materials or labor furnished to the county, are not encompassed by the statute. Although in this action the formula for determining the amount of additional rent is based upon the amount of labor and materials furnished by the Olson Construction Company, the claim itself is still a request for rent due under a lease agreement. The fact that the formula is based on labor or materials does not change the characterization of the claim.

Currently, no Nebraska case under § 23-135 directly involves a situation where a claim arises under contract for something other than labor or materials. A review of opinions holding

compliance with the filing requirements of § 23-135 to be a necessary prerequisite to filing a claim against the county demonstrates that all cases involve claims for labor or materials in some form. *Jackson v. County of Douglas,* 223 Neb. 65, 388 N.W.2d 64 (1986), involved employees of the county who brought an action against the county for additional wages allegedly due them for overtime work; *Zeller Sand & Gravel v. Butler Co.,* 222 Neb. 847, 388 N.W.2d 62 (1986), concerned a breach of a requirements contract that had been entered into by the county for the purchase of gravel for its roads; *Strawn v. County of Sarpy,* 154 Neb. 844, 49 N.W.2d 677 (1951), involved a claim for a fee for legal services performed by the claimant under a written contract entered into with the county; and, finally, *Coverdale & Colpitts v. Dakota County,* 144 Neb. 166, 12 N.W.2d 764 (1944), involved a claim for payment for a traffic survey and report on a prospective bridge construction project. All of these cases are easily distinguishable from an action for rent due under an existing contract. Claims such as the one at bar do not involve "materials or labor" as used in § 23-135.

However, we do not need to definitively decide today whether a claim for rent allegedly due from the county is covered by the requirements of § 23-135. In this action, the county, in its contract with Olson, set forth the procedure to be followed when a claim was made against the county for the additional rent due under the lease agreement. Paragraph 35 of the lease agreement provides in part:

35. <u>Notices</u>. All notices or demands upon the Landlord or Tenant desired or required to be given under any of the provisions hereof shall be in writing. Any notice or demands from the Landlord to the Tenant shall be deemed to have been duly and sufficiently given if a copy thereof has been mailed by United States certified mail in an envelope properly stamped and addressed to the Tenant as follows:

County Board
Lancaster County, Nebraska
County-City Building
Lincoln, Nebraska 68508 . . . .

Olson's written claims were addressed as indicated in the lease agreement and delivered personally to the board by Olson. Because Olson in good faith relied upon the terms of the lease agreement, the county cannot now invoke § 23-135 in an attempt to avoid its contractual obligations.

The purpose of the county claims statute, § 23-135, is to ensure that the board has proper notice of claims against the county. As stated in *Zeller, supra* at 848, 388 N.W.2d at 63, the filing requirement "provides the county with full information of the rights asserted against it, and enables it to make proper investigation concerning the merits of claims against it and to settle those of merit without the expense of litigation." Olson's filing of the claim directly with the county board as opposed to the county clerk, as provided for in the contract, satisfied the notice requirement of § 23-135.

Therefore, the demurrer was improperly sustained, and we remand this cause to the district court for further proceedings consistent with this opinion.

REMANDED FOR FURTHER PROCEEDINGS.