GEORGE M. STEBBINS *vs.* POLICE COMMISSIONERS OF THE
CITY OF SPRINGFIELD.

Hampden.    October 1, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Springfield.    Municipal Corporations.*

St. 1902, c. 134, transferred the powers of the mayor and aldermen of the city of
Springfield in relation to the establishment and maintenance of a police depart-
ment, the appointment of a constable, or a city marshal and assistants, and all
other police officers, to the city council to be exercised as it might from time to
time prescribe and wholly or in part through the agency of any persons acting
as a board whom it might from time to time designate, and with such limita-
tions of power as it might by ordinance determine. Under the charter of the
city the mayor and aldermen, before the passage of this statute, had an absolute
power to remove the city marshal without any notice or hearing. Acting under
the statute, the city council passed an ordinance establishing a police commis-
sion, which it made the executive head of the police department, and conferred
upon it " the management and control of the officers and members of the police
department, with power to make such lawful rules for their government and
discipline . . . as they may deem proper." The ordinance provided that the
commission annually should elect a marshal, assistant marshal and other mem-
bers of the force who should continue in office until their successors were elected
and qualified " unless sooner removed." A city marshal appointed under this
ordinance was removed by a vote of the commission, and filed a petition for a
writ of mandamus to compel the commissioners to reinstate him in his office.
It was agreed by the parties that the office of city marshal of Springfield did
not come within the civil service statutes and rules. *Held,* that the commission
had absolute power to remove the petitioner, and that his petition must be
dismissed.

MORTON, J.    The respondents constitute the police commis-
sion of the city of Springfield.    On July 16, 1907, that com-
mission passed a vote in effect removing the plaintiff from the
office of city marshal to which he had been appointed by the
commission in the preceding January, " for the term of the cur-
rent municipal year . . . to continue in office until his succes-
sor is appointed and qualified, unless sooner removed."    This is
a petition by him for a writ-of mandamus to compel the commis-
sion to reinstate him in the office from which he was thus
removed.    The case was heard by a single justice " upon the
petition and answer and the agreement that the city marshal of
Springfield is not within the descriptive words of the statutes

and rules relating to the civil service and that, if notice and hearing were required as prerequisite to removal of the petitioner from the office of city marshal by the respondent, no valid notice and hearing had been given him." The single justice ruled as matter of law that the petition could not be maintained and ordered that it be dismissed, and the plaintiff appealed. Thereupon, at the request of the plaintiff the case was reported to this court upon the petition, answer and the agreement aforesaid, such disposition to be made of it as law and justice might require.

We think that the ruling was right. The city charter of Springfield provides, so far as now material, that ". . . the administration of police . . . shall be vested in the mayor and aldermen. . . . The mayor and aldermen shall have full and exclusive power to appoint a constable and assistants, or a city marshal and assistants, with the powers and duties of constables, and all other police officers, and the same to remove at pleasure." St. 1852, c. 94, § 8. Under this provision the mayor and aldermen had an absolute power to remove the city marshal and his assistants without any notice or hearing. *Williams* v. *Gloucester*, 148 Mass. 256. This is conceded by the plaintiff. By St. 1902, c. 134, § 1, it was provided that, " The powers and duties conferred and imposed by chapter ninety-four of the acts of the year eighteen hundred and fifty-two [the city charter] upon the mayor and aldermen of the city of Springfield in relation to the establishment and maintenance of a police department, the appointment of a constable, or a city marshal and assistants, and all other police officers, may be exercised and performed by the city council, in such manner as it may from time to time prescribe, and wholly or in part through the agency of any persons acting as a board whom it may from time to time designate, and with such limitations of power as it may by ordinance determine." By virtue of this statute the powers and duties conferred by the charter upon the mayor and aldermen in regard to the police department were transferred to the city council. Acting under the authority thus conferred the city council passed an ordinance in 1902 establishing a police commission. This ordinance was revised and re-enacted in 1904 and it was under and by virtue of the provisions of the ordinance as thus revised and re-enacted

that the removal was made. The question is, therefore, whether this ordinance does or does not transfer to the commission the power of removal; or, to state it in another way, whether the power of summary removal formerly vested in the mayor and aldermen has by virtue of the St. of 1902 and the ordinance passed thereunder been vested in the commission? We think that it has. The ordinance is comprehensive in its scope and undertakes to deal with the whole subject of the police department. No intention is manifested by the city council to reserve to itself any powers except such as are specified in the ordinance, amongst which the power of removal is not included. The ordinance makes the commission the executive head of the police department and confers upon it " the management and control of the officers and members of the police department, with power to make such lawful rules for their government and discipline . . . as they may deem proper." · There is no limitation express or implied in respect to the power of removal of the management and control thus given. Section 8 provides that the commission shall annually elect in January a marshal, assistant marshal and other members of the force who " shall continue in office until their successors are elected and qualified, unless sooner removed." " Unless sooner removed " by whom? Manifestly, we think, by the commission. As already observed, no intention is manifested by the city council to reserve to itself any power of suspension or removal, for the reason, no doubt, that the council recognized that the divided responsibility which would ensue would tend to impair the efficiency and discipline of the force. Without undertaking here to review the various provisions of the ordinance we think that the fair inference from its terms and scope is that the city council intended to and did divest itself of executive responsibility for, and active participation in, the management of the police department, reserving to itself only certain powers respecting the appropriation and the sale of property and the further power to determine the number of day and night watchmen. It follows that the summary power of suspension and removal not only in regard to minor officers and members of the force but in regard to the marshal and assistant marshal was transferred to and vested in the commission.

It is agreed that the office of city marshal of Springfield does

not come within the civil service statutes and rules. The plaintiff is not, therefore, entitled to a notice and hearing under them.

The conclusion to which we have come in regard to the power of the commission to remove the plaintiff renders it unnecessary to consider other questions that have been argued, further than to observe that there is nothing in the plaintiff's contention that his acceptance of the office constituted a contract between him and the city of Springfield for a year, or in his contention that as a police officer he was entitled to a hearing under § 13 of the ordinance.*

*Petition dismissed.*

The case was submitted on briefs.

*J. B. Carroll & W. H. McClintock,* for the petitioner.
*J. L. Doherty & W. G. Brownson,* for the respondent.

---

* The provision referred to contained in § 13 of the ordinances is as follows :

"Such commission may for cause, after due hearing and except as provided in chapter nineteen of the Revised Laws, punish any night and day watchman, reserve or police officer for insubordination, breach of the rules of the department, or neglect of duty, by fine, reprimand, suspension with or without loss of pay, or discharge, and said marshal may suspend from office for cause any night and day watchman, reserve or police officer, *provided*, that whenever he shall so suspend any such officer he shall forthwith report the fact and cause thereof to such commission, who shall forthwith proceed to investigate said charge, and within two weeks shall make known the result of their investigation, and shall continue such suspension, reprimand, discharge from, or reinstate in office, with or without pay during such suspension, the person so suspended."