GEORGE STEWART, JR., APPELLANT, v. NORTH SIDE PRODUCE COMPANY, A CORPORATION, ET AL., APPELLEES.

248 N. W. 2d 37

Filed December 22, 1976. No. 40601.

Jon B. Abbott, for appellant.

Frederick S. Cassman of Abrahams, Kaslow & Cassman, for appellees.

Heard before WHITE, C. J., McCOWN, and CLINTON, JJ., and STUART and RIST, District Judges.

STUART, District Judge.

This is an appeal from the sustaining of a demurrer to plaintiff's petition.

Plaintiff's petition alleged defendant North Side Produce Company employed plaintiff as a truck driver under an employment contract with no fixed term. Defendant Jordan, acting within the scope of his employment by defendant North Side Produce Company, an-

nounced a policy: "That if any further mechanical breakdowns of the company's trucks occurred, somebody would be fired." Following mechanical trouble in a truck assigned to plaintiff, plaintiff was fired, and plaintiff's petition prayed for damages incurred by reason of this discharge. For his second cause of action plaintiff alleged defendant Jordan, acting within the scope of his employment, later informed prospective employers of plaintiff that he had been fired for cause, and thereupon prayed for damages for slander.

It was held in State v. Employers of Labor, 102 Neb. 768, 169 N. W. 717 (1918): "If there is no contract for any fixed term of employment, the employer may discharge, or the employee stop work, at his own pleasure." This holding was quoted and followed in the case of Ploog v. Roberts Dairy Co., 122 Neb. 540, 240 N. W. 764 (1932), and it is the controlling rule of law on plaintiff's first cause of action.

The plaintiff's brief does not argue the trial court's action in sustaining the demurrer as to the cause of action for slander and therefore it will not be considered here. See Rule 8a 2(3), Revised Rules of the Supreme Court, 1974.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.