APPEAL No. 79-14. GEORGE S. PORTER *v.* B.B.F., INC., AND J. REGAN STEEL ERECTION CO., INC., AND GEORGE MARTIN. This matter comes before this court on the plaintiff's motion pursuant to Rule 16(g) to affirm a judgment of the Superior Court. The defendant objects to the motion contending that the evidence does not support the jury verdict and that the variance between the pleading and the proof is

fatal to the judgment.

The oral arguments, the memoranda submitted by counsel, and an examination of the record reveal that the evidence submitted at trial was clearly contradictory.

It is well-established law that credibility is a factual issue. It is the function of the trial court, not of the appellate court. Where a jury verdict has been endorsed by a trial justice we will not make an independent examination of the record unless that justice in passing on the motion for a new trial overlooked or misconceived material evidence or was otherwise clearly wrong. *Gilbert* v. *Girard,* 109 R.I. 68, 279 A.2d 919 (1971). We find that the defendant's contention is without merit.

As to the second contention in support of his objection, we hold that Rule 15(b) of the Superior Court is dispositive. The record indicates that the defendant failed to object to the evidence alleged to be at variance with the pleading. Rule 15(b) provides that pleadings may be amended within a certain prescribed period and thereafter by leave of court or consent of the adverse parties. It further prescribes that "implied consent to the trial of the issues not within the pleadings is usually manifested by failure to object to evidence." If a party has had fair notice that the evidence raises new issues but does not object, he has implied his consent.

Because the defendant failed to object after receiving fair notice, he cannot at this state of the proceedings raise this as an issue. His objections therefore are denied and dismissed and the plaintiff's motion to affirm is hereby granted. *Thomas H. Quinn,* for plaintiff. *Abraham Goldstein,* for defendants.