JOAN V. HEINZMAN, AN INDIVIDUAL, APPELLANT, V.
COUNTY OF HALL, APPELLEE.
JOAN V. HEINZMAN, AN INDIVIDUAL, APPELLANT, V.
CITY OF GRAND ISLAND, APPELLEE.

328 N.W.2d 764

Filed January 7, 1983.  Nos. 81-692, 81-693.

LeRoy W. Sievers and Arlen W. Langvardt of
Peterson, Bowman & Johanns, for appellant.

Stephen L. Von Riesen, Hall County Attorney, and
Greg Thomas, for appellee Hall County.

Keith Sinor, City Attorney, for appellee City of
Grand Island.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON,
WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

Appellant, Joan V. Heinzman, files these appeals from the orders of the District Court for Hall County, Nebraska, sustaining the demurrers to her amended petitions. The cases have been consolidated for purposes of this appeal.

Assuming all well-pleaded facts, as distinguished from mere conclusions, as true, the following may fairly be gathered from the allegations of the petitions.

In May 1967, pursuant to a joint resolution of the county board of supervisors for Hall County and the city council of Grand Island, Nebraska, Heinzman was appointed civil defense director for Hall County and the City of Grand Island. The joint resolution is attached to the petitions and incorporated by reference in the petitions and provides in part: "WHEREAS, it is the desire and intent of the (Board of County Supervisors) for Hall County and/or the (City Council) of Grand Island, Nebraska, to establish a City-County Civil Defense Organization.

"NOW, THEREFORE, BE IT RESOLVED BY SAID BOARD OF SUPERVISORS AND (CITY COUNCIL):

"1. That there is hereby established within said City-County a Joint Organization for Civil Defense to be operated in conformity with the Nebraska Civil Defense Act of 1951, as amended. This organization will be known as the Grand Island-Hall County Civil Defense Agency.

"2. That, reposing great confidence in his integrity and ability Mrs. Joan V. Heinzman, whose address is . . . is hereby appointed director of Civil Defense for said City-County organization, to serve during the pleasure of this City Council and Board of Supervisors or until a successor is duly appointed.

"3. That Hall County Treasurer will be responsible for the receipt and disbursement of all Civil Defense Funds, where funds are provided for Civil Defense purposes."

On May 29, 1980, a determination was made by the county board to terminate the employment of Heinzman. Heinzman was paid for the month of May 1980 and not thereafter.

A claim was submitted by Heinzman to the Hall County Board of Supervisors on August 27, 1980, for salary for the months of June, July, and August 1980, and for alleged "Employment benefits including unused vacation, compensatory time, and sick leave as of August 31, 1980." No provision of a contract of employment that included specific benefits for those last items was alleged by Heinzman.

The City of Grand Island did not take concurrent action in terminating Heinzman's employment. Heinzman was not notified before the fact of the termination or afforded an opportunity to be heard.

Heinzman further alleges that she had a property interest in her job, the firing was not in good faith, and it was a violation of her fourteenth amendment rights.

The case raises a number of interesting questions, only a few of which were briefed by the parties. (1) Is there any factual basis alleged for the recovery of fringe benefits by Heinzman? (2) Was the claim against the county filed within the statutory 90-day period prescribed by Neb. Rev. Stat. § 23-135 (Reissue 1977)? (3) Did Heinzman satisfactorily allege a continued expectation of employment such as to give rise to the level of a constitutional right to notice and hearing before termination? (4) Was the employment lawfully terminated by the county board without the assent of the city council of Grand Island?

In considering the first issue, we are unable to find in the records any allegations of a contract, oral or written, dealing with employment benefits. The petitions requesting those benefits were clearly insufficient. It seems elementary that if recovery is sought on a contract of employment, the terms of the contract must be alleged. The court must ac-

cept the facts as set forth in the petition and may not notice or consider extrinsic matters in determining whether a pleading states a cause of action. *Tennyson v. Werthman,* 167 Neb. 208, 92 N.W.2d 559 (1958). The contention of appellant is without merit on this point.

The second issue involves the time limit for filing a claim under § 23-135. The appellant maintains that under a term of continuing service, such as her position as civil defense director, it is unreasonable to require her to continuously file claims before the expiration of each 90-day period in order to maintain an ongoing claim for accrued salary after her termination.

We find it unnecessary to reach this issue because we do not find § 23-135 to be applicable to the facts of this case. In a somewhat similar case, this court in *McCollough v. County of Douglas,* 150 Neb. 389, 34 N.W.2d 654 (1948), held that the claim of a District Court deputy clerk for salary arrearages did not arise ex contractu and therefore the statutory time limitation of § 23-135 did not apply.

In the *McCollough* case at 394, 34 N.W.2d at 658, we cited *Mitchell v. County of Clay,* 69 Neb. 779, 96 N.W. 673 (1903), for the proposition that " 'County Commissioners act quasi judicially in passing upon claims against the county, whenever their action is not merely a formal prerequisite to the issuance of a warrant, but involves the determination of questions of fact, upon evidence or the exercise of discretion in ascertaining or fixing the amount to be allowed.' " This court also cited *Hansen v. Cheyenne County,* 139 Neb. 484, 297 N.W. 902 (1941), which held that where the salary or compensation of a public officer is fixed by statute, no judicial action in that respect is required of the board of county commissioners and that, in such a case, the provisions of § 23-135 do not apply.

With regard to appellant's claim under the fourteenth amendment of the U.S. Constitution, one must

first establish a property interest in a position in order to establish procedural due process rights in a dismissal from employment. *Board of Regents v. Roth,* 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972).

The establishment of a property interest in employment requires a "legitimate claim of entitlement to it" that stems "from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents, supra* at 577.

Under Nebraska law it is a settled principle that government employment, in the absence of legislation, can be revoked at the will of the appointing officer. *Nebraska Dept. of Roads Employees Assn. v. Department of Roads,* 189 Neb. 754, 205 N.W.2d 110 (1973); *Nevels v. State,* 205 Neb. 642, 289 N.W.2d 511 (1980). In the absence of an employment contract for a fixed term, an employee is terminable at will. *Stewart v. North Side Produce Co.,* 197 Neb. 245, 248 N.W.2d 37 (1976). The appellant has failed to allege facts which establish that she was deprived of a right to a hearing prior to her termination under the fourteenth amendment of the U.S. Constitution or any state law. Other than the bare allegation of a "property right" in the continuation of employment, Heinzman alleged no facts which give rise to a constitutionally protected right of notice and hearing. The joint resolution under which appellant was employed stated merely that she was "to serve during the pleasure of this <u>City Council and Board of Supervisors</u> or until a successor is duly appointed," and established no expectations that employment would be continued longer than the hiring parties wished it to continue. "At pleasure" in employment contracts has been interpreted to mean that the hiring authority has absolute power to remove. *Stebbins v. Police Commissioners,* 196 Mass. 365, 82 N.E. 42 (1907).

Counsel at oral argument asserted that an understanding had existed between the county board and Heinzman which gave rise to the continued expectation. We have searched the amended petitions and if there were such representations they were not alleged. The contention of the appellant is without merit.

The only remaining question dispositive of these appeals is whether the concurrent act of the city council was necessary in order for the discharge of Heinzman to be effective.

The establishment of a joint civil defense agency is authorized by Neb. Rev. Stat. § 81-829.46 (Reissue 1981) and by the provisions of the Interlocal Cooperation Act, Neb. Rev. Stat. §§ 23-2201 et seq. (Reissue 1977).

Section 81-829.46 provides that each county or city "shall be within the jurisdiction of . . . a local or *interjurisdictional* civil defense organization which is headed by a director . . . ." (Emphasis supplied.)

The accomplishment of the formation of an interjurisdictional civil defense agency is governed by § 23-2204. The agreement shall provide: "(3) . . . (a) Its duration; (b) The precise organization, composition, and nature of any separate legal or administrative entity created thereby together with the powers delegated thereto, provided such entity may be legally created; (c) Its purpose or purposes; (d) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget therefor; (e) The permissible method or methods to be employed in accomplishing the partial or complete termination of the agreement and for disposing of property upon such partial or complete termination . . . ."

The agreement provided that the employment was "during the pleasure" of Hall County and the City of Grand Island.

It is a reasonable construction of the joint resolution that either of the parties may discharge, and

the discharge is effective as to both hiring entities. To hold otherwise would be to subject the members of one of the subdivisions to the complete will of the members of the other body, an intention not discernible from the words of the resolution or from the Interlocal Cooperation Act.

The appellant was lawfully terminated in May 1980.

The decision of the trial court is correct and is affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurs in the result.