KIPKE v LENAWEE COUNTY BOARD OF ROAD
COMMISSIONERS

Docket No. 72936. Submitted July 17, 1984, at Lansing.—Decided
November 7, 1984.

Charles Kipke was discharged from his employment as Managing
Director of the Lenawee County Road Commission. He brought
an action for breach of contract against the Lenawee County
Board of Road Commissioners and the individual commission-
ers, alleging that the defendants had implicitly established a
year-to-year contract by voting each January whether to con-
tinue plaintiff's employment and that the commissioners had
established certain grievance procedures. The Lenawee Circuit
Court, John C. Timms, J., granted summary judgment to defen-
dants, holding that there was no genuine dispute as to any
material fact. Plaintiff appealed. *Held:*

1. The language of the defendants' offer of employment was
unambiguous and established a contract terminable at will.

2. The defendants' practice of voting annually whether to
continue plaintiff's employment did not serve to relinquish
their right to terminate the employment contract at will.

3. Plaintiff did not fall within the definition of "employee"
stated in the guidelines which established the grievance proce-
dures. The guidelines therefore did not apply to him.

Affirmed.

MASTER AND SERVANT — EMPLOYMENT CONTRACTS — CONTRACTS
TERMINABLE AT WILL.

Employers are free to enter into employment contracts termina-
ble at will without assigning cause for termination; however,
an employer's express agreement to terminate only for cause,

REFERENCES FOR POINTS IN HEADNOTE
17 Am Jur 2d, Contracts § 486.
53 Am Jur 2d, Master and Servant §§ 17, 27, 34.
Right to discharge allegedly "at will" employee as affected by
employer's promulgation of employment policies as to discharge.
33 ALR4th 120.
Modern status of rule that employer may discharge at-will em-
ployee for any reason. 12 ALR4th 544.

or statements of company policy and procedure to that effect, can create rights in an employee enforceable in contract.

*Sablich, Ryan, Bobay & Kaechele, P.C.* (by *Lawrence D. Kaechele),* for plaintiff.

*William J. Braunlich, Jr., P.C.* (by *William H. Braunlich),* for defendants.

Before: DANHOF, C.J., and D. E. HOLBROOK, JR., and C. W. SIMON,* JJ.

PER CURIAM. This was an action to recover damages for an alleged breach of an employment contract. The circuit court granted summary judgment for defendants pursuant to GCR 1963, 117.2(3), holding that there was no genuine dispute as to any material fact and that defendants were entitled to judgment as a matter of law. Plaintiff appeals as of right.

Employers are free to enter into employment contracts terminable at will without assigning cause, although an employer's express agreement to terminate only for cause, or statements of company policy and procedure to that effect, can create rights enforceable in contract. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 610; 292 NW2d 880 (1980). The affidavits and other evidence before the circuit court here show that by a letter dated August 31, 1979, defendants offered plaintiff the post of managing director of the road commission. The offer specified:

"You should also understand that your employment would be entirely at the pleasure of the Board of County Road Commissioners."

Plaintiff accepted defendants' offer by a letter dated September 10, 1979.

The language used in defendants' offer was un-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ambiguous and established a contract terminable at will. See *Patterson v Ramsey,* 413 F Supp 523, 531 (D Md, 1976); *Taylor v Spear,* 196 Cal 709; 238 P 1038 (1925); *London v City of Franklin,* 118 Ky 105; 80 SW 514 (1904), and *Stebbins v Police Comm of City of Springfield,* 196 Mass 365; 82 NE 42 (1907).

Plaintiff argues, however, that a year-to-year contract was implicitly established by defendants' conduct. Although defendants adopted the practice of voting whether to continue plaintiff's employment every January, they did not thereby relinquish their right to terminate the employment contract at will. See, for example, the minutes of the board's meeting of January 8, 1982, at which plaintiff's employment contract was renewed for the last time before termination:

"It was moved by Commissioner Werstler and supported by Commissioner Haas that Charles E. Kipke be appointed the Managing Director *to serve at the pleasure of the Board.* Motion carried." (Emphasis added.)

Plaintiff also relies on defendants' promulgation of "Management Employees Guidelines" establishing grievance procedures. However, the grievance procedure outlined in the guidelines applied only to "employees". As managing director, plaintiff did not fall within the definition of "employee" stated in the guidelines:

"The Board of County Road Commissioners of Lenawee County shall be hereinafter referred to as the 'Commission', the Foremen, Superintendents, Board Secretary, and County Highway Engineer, shall be referred to as the 'Employee'."

On this record, the circuit court did not err by granting summary judgment for defendants.

Affirmed. Costs to defendants.