ROBERT BLINN, APPELLANT, V. BEATRICE COMMUNITY
HOSPITAL AND HEALTH CENTER, INC., APPELLEE.

696 N.W.2d 149

Filed April 19, 2005.   No. A-04-079.

460

Nancy R. Wynner and Danielle M. Koonce, Senior Certified Law Student, of DeMars, Gordon, Olson & Zalewski, for appellant.

Nicole B. Theophilus, Michaelle L. Baumert, and Angela M. Lisec, of Blackwell, Sanders, Peper & Martin, L.L.P., for appellee.

INBODY, Chief Judge, and IRWIN and SIEVERS, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Robert Blinn appeals from an order of the district court which granted Beatrice Community Hospital and Health Center, Inc. (Beatrice), summary judgment on Blinn's petition seeking damages arising out of Beatrice's termination of Blinn's employment. The substance of Blinn's petition in the district court was that his at-will employment status had been modified by representations of Beatrice promising Blinn would be employed for a period of at least 5 years, that the representations induced Blinn to forgo another employment opportunity, and that Beatrice then terminated Blinn's employment approximately 6 months after the alleged representations. On appeal, Blinn asserts that the district court erred in finding that summary judgment was appropriate. We find that evidence adduced and not objected to by Beatrice raised a genuine issue of material fact concerning whether Beatrice offered to extend Blinn's employment either until he chose to retire or for at least 5 years and that such a modification of Blinn's employment status would not have violated the statute of frauds. We also find that a genuine issue of material fact was raised concerning Blinn's promissory estoppel claim. Accordingly, we find that summary judgment was inappropriate, and we reverse the district court's order granting Beatrice summary judgment and remand the case for further proceedings.

## II. BACKGROUND

Read in a light most favorable to Blinn, the record indicates the following factual background:

Blinn began his employment with Beatrice in 1993, as an at-will employee. In June 2002, Blinn received a job offer from a hospital in Kansas. Blinn approached Beatrice with an offer of resignation; although Blinn did not desire to resign from his employment with Beatrice, he wanted some assurances that he had job security with Beatrice before rejecting the other job offer. According to Blinn, his supervisor with Beatrice assured him that Beatrice had "at least five more years of work" for him. Blinn took the statement to mean that he had a contract with Beatrice for "at least five years." Blinn then rejected the offer from the

hospital in Kansas. Beatrice terminated Blinn's employment in February 2003.

On March 6, 2003, Blinn filed a petition alleging several theories of recovery based upon Beatrice's termination of his employment. Throughout the petition, Blinn repeatedly makes specific reference to Beatrice's representations concerning "five years." For example, Blinn alleges that Beatrice informed him "that he had at least 5 years of work left to do for [Beatrice], and that he should not take the Kansas job offer"; that Beatrice's representations concerning Blinn's "ability to remain employed by [Beatrice] for the next five years turned out to be false"; that Beatrice "wrongfully terminated [Blinn] without allowing [him] the opportunity to achieve the five years of continued employment as promised"; and that Beatrice's "representations that [Blinn] would have five years of continued employment substantially contributed to [Blinn's] decision to reject the Kansas job offer."

On April 24, 2003, Beatrice filed an answer in which, inter alia, Beatrice specifically alleged that Blinn's claims were barred by the statute of frauds. On November 12, Beatrice filed a motion for summary judgment.

On December 16, 2003, the district court held a hearing on the motion for summary judgment. The court received two depositions on behalf of Beatrice—the deposition of Blinn and the deposition of Blinn's supervisor at Beatrice. The court also received on behalf of Blinn an affidavit and a letter, both of which suggest that the offer from the Kansas hospital was made with an understanding that Blinn, if he chose to accept the offer, would be able to remain in his position with the Kansas hospital until such time as he chose to retire.

On December 31, 2003, the district court entered an order granting Beatrice summary judgment. The court specifically noted that Beatrice had alleged the statute of frauds as a defense and that Blinn had argued that the statute of frauds was not applicable because "the contract could feasibly have been performed within one year as [a representative of Beatrice] told Blinn he could work until he retired, and he could have performed all the recruiting work for [Beatrice] within one year." The district court, however, did not resolve the potential statute of frauds issue; the district court instead found that the alleged oral modification of Blinn's

contract was not specific or definite enough to modify his at-will employment status. The district court found that no genuine issue of material fact existed and that Beatrice was entitled to judgment as a matter of law. Therefore, the district court granted summary judgment to Beatrice. This appeal followed.

## III. ASSIGNMENTS OF ERROR

Blinn assigns three errors on appeal which, consolidated and restated, all allege that the district court erred in granting Beatrice's motion for summary judgment.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Sodoro, Daly v. Kramer,* 267 Neb. 970, 679 N.W.2d 213 (2004). Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

### 2. STATUTE OF FRAUDS

As noted above, Beatrice specifically raised the statute of frauds as a defense. The district court recognized the statute of frauds defense and even commented on Blinn's arguments responding to the defense. Nonetheless, the district court chose to find that the terms of the alleged oral contract were not specific or definite enough to modify Blinn's employment status from that of an at-will employee. See *Goff-Hamel v. Obstetricians & Gyns., P.C.,* 256 Neb. 19, 588 N.W.2d 798 (1999). As such, the district court did not specifically resolve the statute of frauds issue in this case.

#### (a) Alleged Terms Pled by Blinn

We first recognize that the issue raised by Blinn's pleading in this case was whether Blinn's at-will employment status was modified to a term of employment of "at least five years." Blinn's

petition specifically alleged such, although Blinn has also argued, here and below, that the terms of the alleged oral agreement to modify his employment status provided that he could remain employed with Beatrice until he chose to retire.

The Nebraska Supreme Court has previously held, in the context of a contract dispute, that a pleading has two purposes: (1) to eliminate from consideration contentions which have no legal significance and (2) to guide the parties and the court in the conduct of cases. *Spanish Oaks v. Hy-Vee*, 265 Neb. 133, 655 N.W.2d 390 (2003). Pleadings frame the issues upon which the cause is to be tried and advise the adversary as to what the adversary must meet. *Id*. The issues in a given case will be limited to those which are pled. *Id*. Although we recognize that *Spanish Oaks* was decided under Nebraska's old code pleading system, the notions of due process expressed in that case concerning the purpose of pleadings remain appropriate.

In *Spanish Oaks*, suit was brought seeking a declaratory judgment regarding the terms of a lease and the validity of a restrictive covenant contained in a sublease. The evidence presented at trial led the district court to note, in dicta, that there appeared to be a dispute between the parties about when certain terms of the lease would go into effect. The district court refused to rule on the dispute, however, because the parties had not raised the issue in their pleadings. The Supreme Court affirmed, noting that "[w]hile . . . judicial efficiency might be promoted if courts were to, sua sponte, determine questions raised by the facts but not presented in the pleadings, that efficiency would come at the expense of due process." *Id*. at 149, 655 N.W.2d at 404. Compare *Schnell v. Schnell*, 12 Neb. App. 321, 673 N.W.2d 578 (2003) (issues not raised in pleadings may be reached when record shows both parties were on notice of issue and both parties fully litigated issue).

In *Heinzman v. County of Hall*, 213 Neb. 268, 328 N.W.2d 764 (1983), the Nebraska Supreme Court reviewed an order of a district court sustaining a demurrer in an employment action alleging wrongful termination. The Supreme Court specifically held that "[i]t seems elementary that if recovery is sought on a contract of employment, the terms of the contract must be alleged." *Id*. at 270, 328 N.W.2d at 767. The Supreme Court

found that the plaintiff had failed to properly plead alleged terms of a contract dealing with employment benefits and that as a result of the pleading deficiency, the plaintiff was not entitled to recovery on the alleged contract. *Id.*

In the present case, Blinn's petition alleges, specifically, that Beatrice made oral representations that he would be employed by Beatrice for "at least five years." However, nowhere in Blinn's petition is any mention of an alleged term of employment extending until Blinn might elect to retire. As such, whether such a term was ever offered by Beatrice was not alleged in Blinn's petition. The only issue raised by Blinn's petition was whether Beatrice made representations such that Blinn's employment status was modified from at will to a term of at least 5 years. As such, even under Nebraska's new pleading rules, see Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2004) (new rules of pleading apply to civil actions filed on or after January 1, 2003), we recognize that Blinn's pleading did not allege that Beatrice made representations which would modify his at-will employment status to anything other than employment for a period of "at least five years."

### (b) Amendment of Pleading by Consent

Although we recognize that Blinn pled only that Beatrice guaranteed him continued employment for at least 5 years, we conclude that under Nebraska's new civil pleading rules, Blinn's pleading can be considered, by implied consent to amend, to properly raise the allegation that Beatrice offered him employment until such time as he chose to retire. Summary judgment in favor of Beatrice was not appropriate on this issue because there was evidence adduced which creates a genuine issue of material fact.

Neb. Ct. R. of Pldg. in Civ. Actions 15(b) (rev. 2004) provides, in pertinent part, as follows:

> **(b) Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the

result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits.

In the present case, Beatrice presented evidence in support of summary judgment which included the deposition of Blinn. As noted above, the vast majority of the evidence presented concerned Blinn's assertions that Beatrice assured Blinn that he would be employed for "at least five more years." In response to one question, however, Blinn commented that his supervisor at Beatrice was aware that whichever employer Blinn chose to work for—Beatrice or the Kansas hospital—Blinn wanted it to be "the last" job he had, and also commented that the supervisor "assured" Blinn he "could stay there until [he] retired." Specifically, the record indicates the following colloquy during Blinn's deposition:

Q. Tell me about the meeting [with the supervisor]. What did you say to him, and what did he say to you?

A. Well, I presented the same letter to him, the identical letter, [offering to resign from Beatrice and accept the offer from the Kansas hospital], and I think the first thing he did was acknowledge that he was aware of it . . . . At least that's the impression I got, that he was aware of why I was there and why I was coming there. He read the letter, *and he also gave me assurance, but he didn't put a time frame to it, but he did it differently.*

He said, you know, "We want you to stay," and I said, "Well, it's really important to me, because whether I stay here or whether I go to [the Kansas hospital], *I want it to be the last job I ever have,"* and he assured me he wanted me to stay there and I could stay there until I retired.

(Emphasis supplied.)

Blinn's evidence in response to Beatrice's summary judgment motion consisted of an affidavit and a letter from agents of the Kansas hospital indicating that the Kansas hospital intended to

allow Blinn to continue working until he chose to retire and that they understood Blinn desired the job to be the "last position he would hold until he decided to retire." Beatrice made no objection to Blinn's evidence.

In light of the above-quoted provision of Nebraska's new civil pleading rules, we recognize that even though Blinn did not raise in his pleadings the issue of Beatrice's offer of employment until retirement, the issue may be considered to have been tried by implied consent, because evidence was presented on the issue and Beatrice did not object to such evidence. A similar issue was addressed by the Rhode Island Superior Court in *Carlsten v. WideCom Group, Inc.*, No. C.A. PC 97-1425, 2004 WL 2820933 (R.I. Super. Nov. 5, 2004) (unpublished opinion). In *Carlsten*, the plaintiff brought a breach of contract claim alleging certain checks represented payments to purchase stock or promissory notes and that the defendants breached the contract by not purchasing the stock or promissory notes as promised. The plaintiff's complaint did not mention certain share agreements upon which the trial court based its decision that the defendants had breached a contract. The Rhode Island Superior Court, although recognizing that the share agreements had not been pled by the plaintiffs, found that the defendants had been sufficiently aware of the agreements and had not objected to their introduction as evidence. As such, the Rhode Island Superior Court found that the defendants had impliedly consented to trial of the issue and that the trial court had properly considered the share agreements.

Numerous other jurisdictions with pleading provisions substantially similar to the Nebraska notice pleading provision quoted above have similarly found that when evidence on the issue not pled is offered and received by the court without objection, the issue is properly considered and the parties are considered to have impliedly consented to having the issue tried. See, *M.K. Transport v. Grover*, 101 Idaho 345, 612 P.2d 1192 (1980); *Nucor Corp. v. General Elec. Co.*, 812 S.W.2d 136 (Ky. 1991); *Walczak v. Keel*, No. A04-1391, 2005 WL 288781 (Minn. App. Feb. 8, 2005) (unpublished opinion); *Porter v. B.B.F., Inc.*, 122 R.I. 891, 408 A.2d 616 (1979); *Beck v. Walker*, 154 S.W.3d 895 (Tex. App. 2005); *Scoccolo Const., Inc. v. City of Renton*, 103 P.3d 1249 (Wash. App. 2005) (unpublished opinion in part).

The requirement that the unpleaded issues be tried by at least the implied consent of the parties ensures that the parties have notice of the issues before the court and an opportunity to address those issues with evidence and argument. *M.K. Transport v. Grover, supra.* In that regard, courts have found implied consent to allow the court to resolve an issue raised by the evidence but not raised by the pleadings where a party does not object to evidence presented on the issue or offers contrary evidence on the issue. See, *Walczak v. Keel, supra; Porter v. B.B.F., Inc., supra; Beck v. Walker, supra; Scoccolo Const., Inc. v. City of Renton, supra.* Compare *M.K. Transport v. Grover, supra* (consent not implied where evidence also relevant to issues actually raised by pleadings).

In the present case, although Blinn's pleading did not raise the issue of whether Beatrice offered Blinn a term of employment lasting until Blinn chose to retire, the evidence presented at the summary judgment hearing did raise the issue. To that extent, Beatrice did not object to the evidence and impliedly consented to having the pleadings considered amended to raise the issue. See *Scoccolo Const., Inc. v. City of Renton, supra* (rule is self-executing and does not require formal amendment of pleadings).

The evidence presented on the issue, viewed in a light most favorable to Blinn, establishes that Blinn desired to have either his continued employment at Beatrice or his employment at the Kansas hospital be his "last job" and that he made Beatrice aware of his desire. The evidence further indicates that according to Blinn, Beatrice "assured" him that he could work for Beatrice until he retired. The evidence also indicates that the Kansas hospital intended to honor that wish. The evidence, at a minimum, creates a genuine issue of material fact about whether Beatrice intended to offer to extend Blinn's employment until he chose to retire. As such, summary judgment was improper on that issue.

### (c) Application of Statute of Frauds

Blinn has not asserted, and the evidence adduced at the summary judgment hearing did not indicate, that any alleged agreement to modify Blinn's at-will employment status was ever reduced to writing. Nonetheless, we conclude that an agreement to extend Blinn's employment either until he chose to retire or for

at least 5 years, if such an agreement is ultimately proven at trial, would not violate the statute of frauds. This is because in theory, Blinn could choose to retire within 1 year, making the agreement capable of being performed within 1 year.

The statute of frauds provides in relevant part:

> In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged therewith: (1) Every agreement that, by its terms, is not to be performed within one year from the making thereof . . . .

Neb. Rev. Stat. § 36-202 (Reissue 2004). A contract "not to be performed within one year" is one which by its terms cannot be performed within 1 year. *Rath v. Selection Research, Inc.*, 246 Neb. 340, 519 N.W.2d 503 (1994). To state the rule in positive terms, an oral agreement is valid under the statute of frauds if it is capable of being performed within 1 year from the date of making. *Id.*

In *Rath v. Selection Research, Inc.*, 246 Neb. at 344, 519 N.W.2d at 506, the Nebraska Supreme Court noted that an oral employment contract "with a work lifetime duration" is valid because in theory, the employee could die within 1 year, making the contract capable of being fulfilled by both parties within 1 year. However, the Supreme Court noted that in contrast, an oral employment contract with a 50-year duration is void under the statute of frauds because although the employee might still die within 1 year, the contract could not fully be performed by both parties within 1 year; such death would excuse performance, but the contract would not have been fully performed. Similarly, an oral employment contract " 'until age 65' " would be void under the statute of frauds. *Rath v. Selection Research, Inc.*, 246 Neb. at 345, 519 N.W.2d at 507.

In the present case, Blinn alleged in his petition that he and Beatrice entered into an oral employment contract for a term of at least 5 years. Such an oral contract, even assuming Blinn could succeed in proving its existence, would be void under the statute of frauds. However, because we have concluded that Blinn's pleading must be considered amended by consent to reflect the issues raised by the evidence, Blinn has alleged that he and

Beatrice entered into an oral employment contract to last either until he chose to retire or for a term of at least 5 years. Assuming resolution of every factual dispute in this case in favor of Blinn, such a contract could, in theory, be performed within 1 year if Blinn chose to retire within 1 year. As such, the alleged agreement, if proven as alleged, is not violative of the statute of frauds, and Beatrice is not entitled to summary judgment on the statute of frauds issue.

### 3. DEFINITENESS AND PROMISSORY ESTOPPEL

As noted above, the district court granted summary judgment by finding that the alleged agreement was "not specific enough to rise to the level of a promise creating contractual terms." Similarly, the district court found that the alleged assurances of Beatrice did "not rise to the level of definiteness required to support a promissory estoppel claim." We disagree and find that if proven, the assurances by Beatrice that Blinn would remain employed by Beatrice either until he chose to retire or for at least 5 years were definite enough to prevent summary judgment.

The district court cited the case of *Hillie v. Mutual of Omaha Ins. Co.*, 245 Neb. 219, 512 N.W.2d 358 (1994), as support for the conclusion that the alleged agreement was not specific or definite enough. We find the district court's reliance on *Hillie* to be incorrect, however, because of the significant factual distinction concerning the assurances allegedly made by the employer in *Hillie* compared to the assurances allegedly made by Beatrice in the present case.

In *Hillie v. Mutual of Omaha Ins. Co.*, 245 Neb. at 225, 512 N.W.2d at 362, the Nebraska Supreme Court specifically recognized that "oral representations may, standing alone, constitute a promise sufficient to create contractual terms which could modify the at-will status of an employee." In *Hillie*, however, the employee presented testimony that he "expected" to be able to remain employed as long as he desired or "until he 'messed up' " and that he "assumed" he would be employed for a period of at least 3 years. (Emphasis omitted.) *Id.* Importantly, however, the employee "failed to produce any evidence, other than his own subjective assumptions, to support his claim that [the employer] made any oral representations or assurances regarding the duration of his employment." *Id.* at 225-26, 512 N.W.2d at 362.

In the present case, as quoted above, there was evidence presented which specifically concerned alleged oral representations and assurances by Beatrice regarding the duration of Blinn's employment. As such, *Hillie* does not support the district court's conclusion in the instant case that the alleged terms were not specific enough to modify Blinn's at-will employment status. Instead, *Hillie* recognizes that oral assurances can be sufficient to modify such employment status, and the assurances that were lacking in *Hillie* are specifically present in the record of the present case.

Similarly, the district court was incorrect to conclude that the alleged assurances by Beatrice were not definite enough to support a promissory estoppel claim. The district court, in so concluding, specifically referenced Beatrice's alleged statement that " '[Beatrice and Blinn had] five years of work to do' " and finds that such statements did not constitute any promise of continued employment. As noted, however, there were other alleged assurances evidenced on the record, including an alleged assurance that Blinn would be employed by Beatrice either until he chose to retire or for at least 5 years.

The doctrine of promissory estoppel is based on the proposition that a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. *Folgers Architects v. Kerns*, 9 Neb. App. 406, 612 N.W.2d 539 (2000), *reversed in part on other grounds* 262 Neb. 530, 633 N.W.2d 114 (2001). See, also, *Goff-Hamel v. Obstetricians & Gyns., P.C.*, 256 Neb. 19, 588 N.W.2d 798 (1999). Promissory estoppel requires that reliance be reasonable and foreseeable. *Folgers Architects v. Kerns, supra*. In the present case, the relevant elements are (1) whether Beatrice made a definite promise of employment to Blinn which Beatrice reasonably expected or should have expected would induce Blinn to refuse the job offer from Kansas and remain employed by Beatrice; (2) whether Blinn was, in fact, induced to act by such offer; (3) whether the action taken by Blinn was detrimental to him; and (4) whether justice requires that Beatrice reimburse Blinn for damages incurred as a result of the promise of

employment. See *Goff-Hamel v. Obstetricians & Gyns., P.C., supra.*

The evidence adduced at the summary judgment hearing created a genuine issue of material fact concerning the elements listed above. The district court erroneously found that there were no specific assurances made to Blinn concerning the duration of his employment, because the evidence specifically indicated that such assurances may have been made. As such, the district court erred in finding that Beatrice was entitled to judgment on this issue as a matter of law.

## V. CONCLUSION

Blinn's pleading alleged there was an oral employment agreement for Blinn to be employed for a period of "at least 5 years." The evidence adduced, however, was sufficient to amend the pleadings by the consent of the parties to allege that Blinn and Beatrice entered into an oral employment agreement to extend Blinn's employment either until Blinn chose to retire or for at least 5 years. The alleged oral agreement is not void under the statute of frauds because it could be fully performed within 1 year. As such, Beatrice is not entitled to a judgment as a matter of law on that issue. Additionally, the alleged oral agreement to modify Blinn's at-will employment status was not too indefinite to prevent a theory of promissory estoppel. At a minimum, genuine issues of material fact exist concerning the elements of promissory estoppel. The district court order granting summary judgment to Beatrice is reversed, and the case is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.